NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0270n.06
Filed: April 18, 2006

Case No. 04-4525

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ADSA, INC., doing business as American Deputy Sheriffs Association, A Texas Non-Profit Corporation, | ) ) ) ) | |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| v. | ) ) | |
| STATE OF OHIO; JOHN BESSEY, an individual and Judge of the Court of Common Pleas, Franklin County, Ohio; JEFFREY M. LEWIS, | ) ) ) ) ) | |
| Defendants-Appellees. | ) ) | |

_____

BEFORE: SILER, BATCHELDER, and MOORE, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. Plaintiff-Appellant ADSA, Inc. ("ADSA")

appeals the judgment of the district court dismissing sua sponte its claims under 42 U.S.C. § 1983

for a declaratory judgment and injunctive relief against the State of Ohio ("Ohio" or "the State"),

Franklin County Common Pleas Judge John Bessey ("Judge Bessey"), and court-appointed receiver

Jeffrey M. Lewis ("Lewis") (collectively "the Defendants"). Because we conclude that the district

court did not err in sua sponte dismissing the complaint for lack of jurisdiction, we AFFIRM the

judgment of the district court.

I.

ADSA is a Texas non-profit corporation with its only offices in Texas and Louisiana. Among other goals, it purports to raise funds that are used to provide education, grants, and services to law enforcement agencies and families of persons in law enforcement who have been killed in the line of duty. It raises these funds through telephone solicitation conducted by its over 20,000 members in 36 states.

In 1999, the Ohio Attorney General filed a complaint in the Franklin County Court of Common Pleas against ADSA and its out-of-state telemarketers. The complaint alleged violations of the Ohio Charitable Organizations Act, Ohio Revised Code § 1716.01, *et seq*. ("OCOA") and the Ohio Charitable Trust Act, Ohio Revised Code § 109.23, *et seq*., arising from ADSA's solicitation of charitable contributions from Ohio residents. Count 10 of the complaint sought an accounting, the establishment of a constructive trust, and appointment of a receiver. Specifically, the Attorney General sought the imposition of a constructive trust over ADSA's assets and the appointment of a trustee or receiver to take over management of ADSA's business.

The case proceeded to bench trial before Judge Bessey in December 2001. Judge Bessey found that ADSA had violated the OCOA and he appointed Lewis as a receiver, with the power to take possession of all of ADSA's property, wherever located and of whatever kind, and to operate ADSA's business. ADSA appealed the decision to the 10th District Court of Appeals, and also filed for a Writ of Prohibition in the Supreme Court of Ohio against Lewis, the State, and Judge Bessey.

On October 27, 2004, ADSA filed a complaint against the Defendants in the federal district court, seeking declaratory and injunctive relief pursuant to 42 U.S.C. § 1983. ADSA also filed an ex parte application for a temporary restraining order to enjoin the enforcement of Judge Bessey's order, arguing that the Common Pleas Court lacked in rem jurisdiction over property and assets

2

located outside Ohio, and that the order appointing the receiver and authorizing the receiver to seize all assets wherever located violated ADSA's due process rights. Both the state court appeal and the action in Prohibition were pending when ADSA filed suit in federal court, but the judgment has now been affirmed by the 10th District Court of Appeals and the action in Prohibition has been dismissed.

On October 28, 2004, the day after ADSA filed its complaint, the State filed a memorandum in opposition to ADSA's motion for a temporary restraining order. Later that day, the district court held an unrecorded telephone conference with counsel for both sides regarding ADSA's request for the temporary restraining order and the applicability of the *Younger* and *Rooker-Feldman* abstention doctrines. Following the conference, the district court denied the application for a temporary restraining order and sua sponte dismissed the complaint in its entirety under Federal Rule of Civil Procedure 12(h)(3) on grounds of *Younger* abstention and, alternatively, because *Rooker-Feldman* prohibited the district court from exercising jurisdiction. ADSA filed a timely notice of appeal.

## II.

ADSA first argues that the district court erred in dismissing its complaint sua sponte because the court held no formal hearing, ADSA did not have the opportunity to provide briefing on the issues or sufficient time to prepare for the telephone conference in which the issues were discussed, and, because the telephone conference was not recorded, ADSA had no transcript of the conference. ADSA cites to no legal authority in support of these contentions and we find them meritless. Federal Rule of Civil Procedure 12 provides that the district court "shall dismiss the action" "[w]henever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter . . . ." FED. R. CIV. P. 12(h)(3) (emphasis added). The district court here

3

determined that it lacked subject matter jurisdiction and dismissed the case accordingly. Neither the Federal Rules of Civil Procedure nor the case law interpreting them requires that the district court provide a hearing prior to a sua sponte dismissal for lack of jurisdiction, or that the court record and transcribe its telephone conferences. Finally, the district court neither invited the State's brief in opposition to the motion for a temporary restraining order nor prevented ADSA from filing a brief.

**III.**

The *Rooker-Feldman* doctrine instructs that because the United States Supreme Court has exclusive jurisdiction to hear appeals from state court judgments, lower federal courts lack jurisdiction over cases that in effect seek appellate review of state court judgments. *See Stemler v. Florence*, 350 F.3d 578, 588-89 (6th Cir. 2003); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). A claim raised in federal district court effectively seeks to appeal a state court judgment when the federal claim is "inextricably intertwined" with the state court decision.[1] *Stemler*, 350 F.3d at 589. We will find such intertwining where "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it," *id.,* that is, when federal relief can only be predicated upon a finding that the state court was wrong. *Id.*

In *Pieper v. American Arbitration Association*, 336 F.3d 458 (6th Cir. 2003), we reviewed the doctrine, noting that the Supreme Court has summarized it as "being designed to prevent a party

---

[1]Subsequent decisions of the Supreme Court have added the requirements that the party bringing suit was a party to the state-court decision, *see Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994), that the federal proceedings are not parallel to the state-court proceedings, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005), and that the challenged action is not executive in nature, *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002). *See also Lance v. Dennis*, __ U.S. __,126 S. Ct.1198, 1201, 2006 WL 386360, *3 (February 21, 2006) (reviewing the narrowing decisions of the Court). However, because it is plain here that the challenged action was judicial in nature, ADSA was a party to the state-court action, and ADSA has not challenged the district court's implicit finding that these actions are not parallel, we will only address whether the two actions are "inextricably intertwined."

4

losing in state court . . . from seeking what in substance would be appellate review of the state judgment [in the lower federal courts] based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Id*. at 460 (bracketed text and ellipses in original; internal quotations and citations omitted). We have said, however, that the *Rooker-Feldman* doctrine "does not bar jurisdiction when the plaintiff's claim is merely a general challenge to the constitutionality of the state law applied in the state action, rather than a challenge to the law's application in a particular state case." *Id.* (internal quotations and citations omitted).

In support of its argument that the doctrine should not apply in this case, ADSA argues that because it challenges only the issuance of the state court order appointing the receiver and not the state court's determination that ADSA violated the Ohio statutes, the federal proceedings are not "inextricably intertwined" with the state court proceedings. The face of the complaint, however, makes it unmistakably clear that ADSA is actually asserting that the judge in the state court action, Judge Bessey, wrongly decided one of the issues before him – the finding that a receiver should be appointed to take control of ADSA's assets nationwide rather than those assets located only in Ohio.[2] The complaint alleges that the order itself violated ADSA's constitutional rights because it was overbroad and motivated by bad faith, and seeks as relief "a declaration decreeing that the defendant the Honorable Judge Bessey's order [] is null, void, and in excess of jurisdiction under 42 U.S.C. § 1983." The complaint, therefore, does not merely raise "a general challenge to the

---

[2]ADSA appears to argue that *Rooker-Feldman* should only apply to state-court substantive findings and not to remedial orders issued pursuant to those substantive findings. The doctrine, however, applies whenever a federal court is asked to determine that a state-court order of any kind violated the federal plaintiff's rights and the federal court, in so ruling, would effectively be determining that the state court incorrectly decided one of the issues before it, whether that "issue"was one of substance or remedy. *See Stemler*, 350 F.3d at 588-89. Indeed, a remedial order will ordinarily be tailored to the facts of a particular case, and is therefore more likely to fall within *Rooker-Feldman*'s purview. *See Pieper*, 336 F.3d at 460.

constitutionality of the state law applied in the state action," *Pieper*, 336 F.3d at 460, but challenges Judge Bessey's application of that law to ADSA in the case filed in Franklin County Common Pleas Court.

In *Hood v. Keller*, 341 F.3d 593 (6th Cir. 2003), we cited with approval the test utilized by the Seventh Circuit in *Centres, Inc. v. Town of Brookfield, Wis.*, 148 F.3d 699, 703 (7th Cir. 1998), to distinguish between the *Rooker-Feldman* doctrine and claim preclusion:

> The *Rooker-Feldman* doctrine asks: is the federal plaintiff seeking to set aside a state judgment, or does he present some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party? If the former, then the district court lacks jurisdiction; if the latter, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.

*Hood*, 341 F.3d at 599. Here, ADSA is unquestionably seeking to set aside the state court's judgment appointing a receiver to take possession of all of ADSA's assets, wherever located. *Rooker-Feldman* therefore applies to deny the district court jurisdiction, as that court properly concluded.

## IV. Conclusion

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

6