**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0008n.06
Filed: January 5, 2007

No. 05-2368

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JAMES L. HOWARD, | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | |
| | ) | **ON APPEAL** FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| WILLIAM C. WHITBECK, Chief | ) | DISTRICT OF MICHIGAN |
| Judge of the Michigan Court of | ) | |
| Appeals; MAURA D. CORRIGAN, | ) | |
| Chief Justice of the Michigan | ) | **O P I N I O N** |
| Supreme Court, | ) | |
| | ) | |
| **Defendants-Appellees.** | ) | |
| _____ | ) | |

Before:  SILER, MOORE, and BALDOCK,[*] Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.**  Former Michigan prisoner James L. Howard ("Howard") appeals from the district court's entry of judgment in favor of Defendants-Appellees William C. Whitbeck ("Whitbeck"), Chief Judge of the Michigan Court of Appeals, and Maura D. Corrigan ("Corrigan"), Chief Justice of the Michigan Supreme Court.  Howard brought a challenge to MICH. COMP. LAWS § 600.2963, which requires prisoners to pay certain filing fees, arguing that the provision denied prisoners their fundamental right of access to courts and violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment.  While this appeal was

---

[*]The Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting by designation.

pending, Howard was released on parole. Because Howard's parole has rendered his appeal moot, we **VACATE** the district court's February 7, 2005 judgment and **REMAND** the case to the district court with instructions to dismiss it as moot.

## I. BACKGROUND

This is the second time this case has come before us on appeal. We set forth the factual background of this case in detail in our prior opinion, *Howard v. Whitbeck*, 382 F.3d 633 (6th Cir. 2004) ("*Howard I*"), and we therefore repeat only the basic facts here.

On September 20, 2000, Howard and two other prisoners, James Tomzek ("Tomzek") and Stuart Trosky, filed suit in Ingham County Circuit Court complaining of environmental tobacco smoke in prison. On September 12, 2001, the suit was dismissed. Howard and Tomzek filed an appeal as well as a motion to waive the initial partial filing fee required by MICH. COMP. LAWS § 600.2963. Chief Judge Whitbeck of the Michigan Court of Appeals denied the waiver motion on February 26, 2002. Howard filed an application to the Michigan Supreme Court challenging the constitutionality of the filing fee, and also filed a motion to waive fees on that application.[1] Chief Justice Corrigan denied Howard's waiver motion on March 25, 2002. Howard then attempted to file a motion in the Michigan Court of Appeals challenging the filing fee, but the motion was returned to him because he no longer had an appeal pending.

On June 11, 2002, Howard filed a complaint in the federal district court, requesting a declaratory judgment and a preliminary injunction against Chief Justice Corrigan and Chief Judge Whitbeck requiring them to accept his appeals. The district court granted the defendants' motion

---

[1]Tomzek paid the filing fee and pursued his appeal, which was ultimately dismissed for failure to comply with certain procedural requirements. *Tomzek v. Dep't of Corrs.*, 672 N.W.2d 511 (Mich. Ct. App. 2003).

to dismiss. On appeal, we reversed the judgment of the district court, concluding that the district court correctly decided that it did not have jurisdiction over Howard's as-applied challenge to MICH. COMP. LAWS § 600.2963 under the *Rooker-Feldman* doctrine, but that Howard's complaint also alleged a facial challenge over which the district court did have jurisdiction. *Howard I*, 382 F.3d at 640. We noted that Howard's facial challenge might be barred by res judicata and remanded to the district court to determine the res judicata effect of the state-court orders and for further proceedings. *Id.* at 641-42.

On February 7, 2005, the district court determined that res judicata did not bar Howard's facial challenge because "the Michigan Supreme Court dismissed his application without ruling on the merits of the issues he claims to have raised." Joint Appendix ("J.A.") at 232 (Dist. Ct. Opinion After Remand at 8). However, the district court concluded that Howard's claim of denial of access to courts could not be raised as a facial challenge and dismissed his due process and equal protections claims on the merits. Howard's motion for reconsideration was denied, and he timely appealed.

During oral argument, we raised questions as to Howard's standing to bring a facial challenge to MICH. COMP. LAWS § 600.2963, and Howard's counsel informed the court that Howard had been released on parole, raising mootness concerns. We requested and received supplemental briefing from both parties on standing and mootness. The parties agree that Howard has indeed been released on parole.

3

## II. ANALYSIS

"'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc) (internal quotation marks omitted); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff must have suffered , or be threatened with, an actual injury traceable to the defendant *and likely to be redressed by a favorable judicial decision*.") (emphasis added) (internal quotation marks omitted). We have "no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue" and therefore do not have jurisdiction if Howard's appeal is moot. *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001), *cert. denied*, 535 U.S. 971 (2002).

Howard's facial challenge to MICH. COMP. LAWS § 600.2963, the only part of Howard's suit remaining after our decision in *Howard I*, seeks a declaratory judgment that the statute is unconstitutional on its face and, additionally or alternatively, an injunction preventing the statute from being applied to Michigan prisoners. Because Howard has been released on parole and the Michigan statute does not apply to parolees, any such declaration or injunction would not make a difference to Howard's current legal interests. Accordingly, Howard's appeal is moot.

Howard raises a number of arguments attempting to avoid this necessary conclusion, but to no avail. First, Howard argues that, if we declare the Michigan statute unconstitutional, he could ask the Michigan Court of Appeals to re-open his original appeal pursuant to MICH. CT. R. 7.203(B)(5).

4

Rule 7.203(B)(5) states that the Michigan Court of Appeals "may grant leave to appeal from: . . . any judgment or order when an appeal of right could have been taken but was not timely filed." MICH. CT. R. 7.203(B)(5). It is not at all clear that the Michigan Court of Appeals would be more likely to allow Howard to re-open his original appeal if we invalidated MICH. COMP. LAWS § 600.2963, and speculation that the court might do so does not suffice to create a live controversy.

Howard also argues that he continues to suffer damage to his health because he was exposed to secondhand smoke while in prison, that he has never been compensated for that damage in part because the Michigan statute denied him an opportunity to appeal the dismissal of his initial suit, and that this case therefore presents a live controversy with continuing damages. However, we must look to the relief sought, and Howard's present suit does not seek damages. Howard seeks facial invalidation of the filing-fee statute, which would not yield him any compensation or in any way prevent further damage to his health from his previous exposure to secondhand smoke.

Howard also urges us to consider the damage to his health a "collateral consequence" of the fact that he was denied an opportunity to appeal the dismissal of his initial suit. In support, Howard points us to the line of Supreme Court precedents holding that, because "most criminal convictions do in fact entail adverse collateral legal consequences," a convict's challenge to his conviction does not become moot when he is released from prison. *Sibron v. New York*, 392 U.S. 40, 55 (1968); *see also Spencer*, 523 U.S. at 8-11 (collecting cases). The difference between the criminal context and the case at hand, however, reconfirms our decision here. The relief that a convict seeks, to have his conviction overturned, would, if granted, eliminate the collateral consequences associated with that conviction. The relief that Howard seeks here, facial invalidation of the Michigan filing-fee statute, would have no effect on the collateral health consequences that he allegedly suffers.

5

Finally, Howard argues that his appeal is not moot because we should revisit our decision in *Howard I* and reinstate his as-applied challenge to MICH. COMP. LAWS § 600.2963. The "law of the case" doctrine generally precludes us from reconsideration of an issue, but we have stated that we will reconsider a prior ruling in some instances, such as "where a decision is clearly erroneous and would work a manifest injustice." *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997). Howard contends that the district court's determination on remand that res judicata did not apply because the Michigan courts did not rule on the merits of his claims conflicts with our conclusion in *Howard I* that the *Rooker-Feldman* doctrine applied. Howard's argument conflates res judicata principles with the *Rooker-Feldman* doctrine. In *Howard I*, we concluded that the Michigan courts made discretionary judicial decisions by deciding not to grant Howard fee waivers.[2] *Howard I*, 382 F.3d at 640-41. The *Rooker-Feldman* doctrine bars lower federal courts from hearing Howard's claims complaining of injury caused by those state-court decisions. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

---

[2] MICH. COMP. LAWS § 600.2963(7) states:
> For purposes of this section, the fact of a prisoner's incarceration cannot be the sole basis for a determination of indigency. However, this section shall not prohibit a prisoner from commencing a civil action or filing an appeal in a civil action if the prisoner has no assets and no means by which to pay the initial partial filing fee. If the court, pursuant to court rule, waives or suspends the payment of fees and costs in an action described in subsection (1) because the prisoner has no assets and no means by which to pay the initial partial filing fee, the court shall order the fees and costs to be paid by the prisoner in the manner provided in this section when the reason for the waiver or suspension no longer exists.

MICH. COMP. LAWS § 600.2963(7). MICH. CT. R. 2.002(D) further provides: "If a party shows by ex parte affidavit or otherwise that he or she is unable because of indigency to pay fees and costs, the court shall order those fees and costs either waived or suspended until the conclusion of the litigation." Thus, it appears to us that the Michigan courts have the discretion to waive fees that would otherwise be required by MICH. COMP. LAWS § 600.2963. Accordingly, the Michigan courts made discretionary judicial decisions by deciding not to grant Howard fee waivers. *Howard I*, 382 F.3d at 641.

Because Howard's appeal is moot, we must decide whether to vacate the district court's February 7, 2005 judgment, from which he appeals. "When a civil case becomes moot pending appellate adjudication, '[t]he established practice . . . in the federal system . . . is to reverse or vacate the judgment below and remand with a direction to dismiss.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) (alteration and omissions in original) (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)). "Vacatur is in order when mootness occurs through happenstance—circumstances not attributable to the parties—or . . . the 'unilateral action of the party who prevailed in the lower court.'" *Id*. at 71-72 (quoting *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994)). In the context of this case, Howard's parole can best be described as "happenstance," as neither Howard nor the defendants ordered his parole. Accordingly, we vacate the district court's February 7, 2005 judgment.

### III.  CONCLUSION

Because this case is moot, we **VACATE** the district court's February 7, 2005 judgment and **REMAND** the case to the district court with instructions to dismiss it as moot.

7