**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0253n.06

**No. 08-1337**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JEFFERY CARNEY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN CHRISTIANSEN, RUO; WILLIE O. | ) | ON APPEAL FROM THE UNITED |
| SMITH, Warden; LEE GILMAN, Former Dep. | ) | STATES DISTRICT COURT FOR THE |
| Warden; VISSER, Unknown Lt.; DAMARIS | ) | WESTERN DISTRICT OF MICHIGAN |
| G. FISHER, Court Clerk; GARFIELD W. | ) | |
| HOOD, Judge; MIKE OLSON, Former ADW; | ) | |
| GLEN VOS; DEBRA GIVENS, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before:  COOK and McKEAGUE, Circuit Judges; and HOOD, District Judge.[*]

PER CURIAM.  Jeffery Carney, a Michigan prisoner proceeding pro se, appeals the district court's dismissal of his civil rights complaint under 42 U.S.C. § 1983 and denial of his motion for leave to file a second amended complaint.  We affirm.

Carney filed a civil action in the Michigan Court of Claims in Ingham County seeking reimbursement for a coat lost during his incarceration at Ionia Correction facility.  The court dismissed Carney's suit for failure to comply with M.C.L. § 600.5507(2), which requires disclosure of the number of civil actions and appeals previously initiated.  Carney's second attempt to file suit

---

[*]The Honorable Joseph M. Hood, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

in Ingham County Circuit Court also proved unsuccessful, this time due to his failure to pay the outstanding fees and costs incurred from the first action as required by M.C.L. § 600.2963(8).

Not to be deterred, Carney then tried to file suit in the Baraga County Circuit Court, claiming indigent status. Judge Garfield Hood[1] denied Carney's motion for waiver of fees, concluding that his outstanding obligation to the Ingham County Circuit Court prohibited his filing. Rather than appeal the state court's decision, Carney filed an action in federal district court, asserting that Judge Hood[2] willfully denied him access to the courts and deprived him of procedural due process in violation of the Fourteenth Amendment by relying on an allegedly unconstitutional statute (M.C.L. § 600.2963(8)), and that prison officials violated his right of access to the courts. Carney asked the court to declare M.C.L. § 600.2963(8) unconstitutional on its face and as-applied, order the state courts to accept his pleadings for filing, and award him damages.

Judge Hood filed a motion to dismiss for lack of subject matter jurisdiction. Citing the *Rooker-Feldman* doctrine, which precludes lower federal courts from exercising what amounts to appellate jurisdiction over state-law claims, the district court granted the motion. *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544

---

[1]No relation to Judge Joseph M. Hood.

[2]Carney brought identical claims against Judge Hood's law clerk, Damian Fisher. The district court *sua sponte* dismissed Fisher from the suit, a ruling Carney does not appeal.

U.S. 280, 284 (2005). Because Carney's case falls under that limited category, the district court properly found that *Rooker-Feldman* deprived it of subject matter jurisdiction. Moreover, Carney cannot circumvent this jurisdictional bar by construing his complaint, which seeks specific relief from Judge Hood's state-court order, as a facial constitutional challenge. *See Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003).[3] Alternatively, the court correctly dismissed Carney's claim for monetary relief under the doctrine of absolute judicial immunity, *Stump v. Sparkman*, 435 U.S. 349, 359 (1978), and barred his claim for injunctive relief pursuant to § 1983.

The prison officials filed a motion to dismiss for failure to state a claim, which the district court granted. "A prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). Because Carney's underlying state-law claim seeking reimbursement for a coat falls outside of the

---

[3]To the extent Carney's pro se handwritten complaint could be liberally construed to assert a facial challenge to M.C.L. § 600.2963(8), seeking declaratory relief independent of Judge Hood's state-court order, it could be deemed to avoid the bar of Rooker-Feldman. *See Carter v. Burns*, 524 F.3d 796, 799 (6th Cir. 2008); *Howard v. Whitbeck*, 382 F.3d 633, 640–41 (6th Cir. 2004). Yet, we would nonetheless be constrained to affirm dismissal of such a facial challenge for failure to state a valid claim. This is so for at least two reasons. First, the complaint does not include allegations defining the facial challenge and setting forth, for instance, a cognizable habeas corpus application or civil rights claim as to which Carney's right of access to the courts is threatened or would be infringed by operation of § 2963(8). Second, the presumably complained-of operation of § 2963(8) is tempered by § 2963(7), which necessarily implicates the exercise of judicial discretion before the asserted injury could occur. Inasmuch as the putative injury—i.e., that Carney could be perpetually denied access to the Michigan courts due to his indigency while incarcerated—could not occur purely as a result of legislative, administrative or ministerial proceedings, but only as the result of discretionary judicial decisions, *see Raymond v. Moyer*, 501 F.3d 548, 551–55 (6th Cir. 2007); *Howard v. Whitbeck*, 212 F. App'x 421, 425 (6th Cir. 2007), it is apparent that this facial challenge is illusory. The putative injury could become an injury-in-fact only as a result of a state court decision, whereupon Carney's challenge would necessarily be in the nature of an as-applied challenge targeting a judicial ruling that would be protected by Rooker-Feldman.

purview of claims granted protection by the right of access to courts, we agree with the district court's judgment that he failed to state a claim upon which relief can be granted.

Finally, we find that the district court correctly denied Carney's motion to file a second amended complaint. When considering whether to grant leave to amend a complaint, the court considers "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, . . . and futility . . . ." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). Carney's failure to exhaust his administrative remedies rendered his second amended complaint futile.

For these reasons, we affirm.