**Ronald LUBER, Plaintiff–Appellant,**

v.

**Sharon Luber SPRAGUE, Arthur Lombard, Frank Isele, Jennifer Granholm, and the State of Michigan, Defendants–Appellees.**

No. 03–1822.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2004.

Ronald Luber, pro se, Dearborn, MI, for Plaintiff-Appellant.

James T. Farrell, Office of the Attorney General, Lansing, MI, Mark L. Dolin, Karen W. Magdich, Kopka, Landau & Pinkus, Farmington Hills, MI, for Defendants-Appellees.

Before BATCHELDER, GIBBONS, and COOK, Circuit Judges.

### ORDER

Ronald Luber, a Michigan resident proceeding pro se, appeals the district court order dismissing his civil rights complaint. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Luber sued his former wife Sharon Luber Sprague, Judge Arthur J. Lombard, psychologist Dr. Frank Isele, Michigan Governor Jennifer M. Granholm, and the state of Michigan. Luber alleged that the defendants violated his rights to due process and equal protection in the course of a child custody proceeding in Michigan state court. Luber requested that the district court determine whether a change of circumstances had occurred to justify the failure to enforce custody orders from Indiana and New York. Several of the defendants joined in a motion to dismiss based upon the *Rooker-Feldman* doctrine. The district court granted the motion and dismissed the case, holding that the court lacked jurisdiction to entertain what amounted to a federal appeal of a state court decision.

On appeal, Luber argues that: (1) Judge Lombard relied on false evidence and prevented Luber from presenting evidence on his behalf; and (2) the district court should have permitted him to amend his complaint.

This court's review of a district court's decision to dismiss for lack of jurisdiction under Fed.R.Civ.P. 12(b)(1) is two-fold. It reviews the trial court's resolution of factual disputes for clear error, and its application of the law to the facts de novo. *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir.1996).

Upon review, we conclude that the district court properly dismissed Luber's complaint for lack of jurisdiction. According to his complaint and attachments, an Indiana court dissolved Luber's marriage to Sprague in September 2001. The court granted custody of the couple's daughter to Sprague and visitation to Luber. Sprague remarried and moved to New York. Luber petitioned for visitation rights in a New York family court, and the parties reached an agreement. Sprague then moved to Michigan, and Luber requested that a Michigan court recognize the custody and visitation decisions from the Indiana and New York courts. By this point, Luber was living in his car and

looking for work. Judge Lombard apparently modified the visitation arrangements based upon a finding of changed circumstances.

The *Rooker–Feldman* doctrine bars Luber's claims. The *Rooker–Feldman* doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision. *See D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Patmon v. Mich. Supreme Court,* 224 F.3d 504, 506–07 (6th Cir.2000). Federal courts have no jurisdiction over challenges to state court decisions, even if the challenges allege that the state court acted unconstitutionally. *Feldman,* 460 U.S. at 486. In this case, Luber expressly requested that the district court revisit the Michigan state court decision regarding custody and visitation. He alleged that Judge Lombard violated his constitutional rights by finding a change in circumstances and failing to enforce the previous custody decisions. The district court properly held that it lacked jurisdiction over Luber's attempt to appeal a state court decision in federal court.

Luber's argument that the district court should have permitted him to amend his complaint is without merit. Luber maintains that he would have raised new constitutional issues that would not have been barred by the *Rooker–Feldman* doctrine. As stated above, however, the *Rooker–Feldman* doctrine applies even to allegations that a state court acted unconstitutionally. *See id.*

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.