NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0052n.06

No. 24-1269

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| IN RE: KEITH BRADLEY KRAMER, | ) | **FILED** |
| Debtor. | ) | Jan 29, 2025 |
|  | ) | KELLY L. STEPHENS, Clerk |
| ─────────────────────────────── | ) |  |
| SAID A. TALEB, | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
| Appellant, | ) | COURT FOR THE EASTERN |
|  | ) | DISTRICT OF MICHIGAN |
| v. | ) |  |
|  | ) |  |
| WENDY TURNER LEWIS, Trustee; | ) | OPINION |
| MILLER, CANFIELD, PADDOCK & | ) |  |
| STONE, P.L.C., | ) |  |
|  | ) |  |
| Appellees. | ) |  |
|  | ) |  |

Before: MOORE, CLAY, and NALBANDIAN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Attorney and bankruptcy creditor Said Taleb appeals a bankruptcy-court order overruling his objection to a final report and fee application filed by the trustee. Because Taleb makes no cognizable argument in support of his objection or appeal, we **AFFIRM** the bankruptcy court's order.

## I. BACKGROUND

Taleb obtained an arbitration award against his former employer, Keith Kramer, but before Taleb could enforce the award, Kramer filed for personal and business bankruptcy, both of which were ultimately converted to Chapter 7 proceedings.[1] Taleb was an active participant in the

---

[1]This conversion resulted in the appointment of appellee Wendy Turner Lewis as trustee in the personal bankruptcy proceeding.

bankruptcy proceedings, first through counsel, including attorneys at Miller, Canfield, Paddock & Stone ("Miller Canfield"), and later on his own behalf. But Taleb failed to pay fees owed to Miller Canfield for its work on the matter in the bankruptcy court and the initial confirmation of the arbitration award in a Michigan state court. Taleb's nonpayment prompted Miller Canfield to obtain an attorneys' lien wherein a Michigan state court ordered Kramer's bankruptcy estate to pay Miller Canfield in the amount of Taleb's unpaid fees using any bankruptcy distributions owed to Taleb and ordered Miller Canfield to hold the remainder of those distributions in escrow. Taleb unsuccessfully objected to such distributions, prompting parallel litigation not relevant here.

On October 25, 2019, Dakmak Peurach, P.C., counsel for the trustee, filed its final application for compensation. Taleb objected. Several days later, the bankruptcy court overruled Taleb's objection on the grounds that Taleb had failed to state any valid objection to the fee application.

After the trustee filed her final application for compensation on November 25, 2019 and final report on December 10, 2019, Taleb objected. Taleb argued that Kramer's bankruptcy proceedings were filed in bad faith and therefore should have been dismissed. For that reason, Taleb asserted, and because the court had ultimately determined that Kramer's debts were not dischargeable in bankruptcy, any fees payable to Miller Canfield and the trustee's counsel "were not necessary or beneficial to the estate [and were] only beneficial to the attorneys." Obj. ¶ 5. Taleb concluded that "the [bankruptcy] court should not approve the final report and should reconsider prior fee orders." Br. in Supp. of Obj. at 3.

In a January 6, 2020 text order, the bankruptcy court overruled Taleb's objection in its entirety, finding that the "Objection fail[ed] to state any valid objection to the Trustee's final report

or the fee applications in question" and noting that "many of the arguments in the Objection are barred by previous rulings the Court made in this case, which were reflected in orders that were not timely appealed, and which are now final and no longer subject to challenge." Text Order, *In re Kramer*, No. 15-46671 (Bankr. E.D. Mich. Jan. 6, 2020), ECF No. 417.

Taleb appealed to the U.S. District Court for the Eastern District of Michigan. Of note, we previously determined that, because Taleb filed two notices of appeal after the bankruptcy court found his first notice deficient and gave him more time with instructions to file a single notice, only the second notice of appeal was effective. *Taleb v. Miller, Canfield, Paddock & Stone, P.L.C.* (*In re Kramer*), 71 F.4th 428, 437 (6th Cir. 2023). That notice appealed only the bankruptcy court's order denying Taleb's objection to the trustee's final report and fee application. *Id.* It did not appeal the bankruptcy court's order denying Taleb's objection to the trustee's *counsel's* fee application. *Id.* The district court initially dismissed Taleb's appeal as moot, and we reversed for reasons not relevant here. *Id.* at 438–41, 451–52. On remand, the district court denied Taleb's appeal on the merits.[2]

## II. ANALYSIS

### A. Standard of Review

When considering an appeal of a ruling that originates in bankruptcy court, "'[w]e directly review the bankruptcy court's decision rather than the district court's review of the bankruptcy court's decision,' recognizing that we are 'in as good a position to review the bankruptcy court's

---

[2]In addition to Taleb's appeal from Kramer's personal bankruptcy proceedings, Taleb initially objected to and appealed a bankruptcy court order in Kramer's business bankruptcy proceeding. Taleb's appeal from the district court's most recent decision relevant to the business bankruptcy was dismissed for want of prosecution. *See Taleb v. Gold* (*In re Kay Bee Kay Props., LLC*), No. 24-1268, 2024 WL 4442689 (6th Cir. Sept. 20, 2024) (order). Our review is therefore limited to Taleb's objection to the trustee's final report in Kramer's personal bankruptcy proceedings.

decision as is the district court.'" *Mediofactoring v. McDermott* (*In re Connolly N. Am., LLC*), 802 F.3d 810, 814 (6th Cir. 2015) (quoting *XL / Datacomp v. Wilson* (*In re Omegas Grp.*), 16 F.3d 1443, 1447 (6th Cir. 1994)) (citation omitted).

When we review an order of a bankruptcy court "[t]he standard of review on appeal is determined by the nature of the action taken below by the bankruptcy court." *Terex Corp. v. Metro. Life Ins. Co.* (*In re Terex Corp.*), 984 F.2d 170, 172 (6th Cir. 1993). "If a bankruptcy court interprets its own prior orders and acts, review of the order is for a clear abuse of discretion." *E. Coast Miner LLC v. Nixon Peabody LLP* (*In re Licking River Mining, LLC*), 911 F.3d 806, 810 (6th Cir. 2018). We also "review the bankruptcy court's exercise of its equitable powers under an abuse of discretion standard." *In re Terex Corp.*, 984 F.2d at 172. Meanwhile, "bankruptcy court decisions that rely on or interpret the Bankruptcy Code are subject to *de novo* review." *Off. Comm. of Unsecured Creditors v. Dow Corning Corp.* (*In re Dow Corning Corp.*), 456 F.3d 668, 675 (6th Cir. 2006).

## B. The Final Report

The final report to which Taleb objected is a creature of the Bankruptcy Code and Rules of Procedure. Title 11 U.S.C. § 704(a)(9) provides that bankruptcy trustees appointed in Chapter 7 cases "shall . . . make a final report and file a final account of the administration of the estate with the court and with the United States trustee." Under Federal Rule of Bankruptcy Procedure 5009(a), once such a report is filed and, unless the United States trustee or a party in interest files an objection to the report within thirty days, the estate "is presumed to have been fully administered." Once the thirty days have elapsed and after any objection is dealt with, the bankruptcy court may close the case. 9 Collier on Bankruptcy ¶ 5009.01 (Richard Levin & Henry

4

J. Sommer eds. 16th ed. 2024). We assume that Taleb, as a creditor with an actual pecuniary interest in the outcome of the proceedings, is a party in interest. *See Zipkin Whiting, Co. v. Barr* (*In re Felix*), 825 F. App'x 365, 367 (6th Cir. 2020); *Morton v. Morton* (*In re Morton*), 298 B.R. 301, 306–07 (B.A.P. 6th Cir. 2003).

There is scant law regarding the standard that a bankruptcy court should apply to an objection to a final report under Rule 5009(a) and, accordingly, what standard reviewing courts should apply to a bankruptcy court's overruling of such an objection. This may be because "[i]t has long been recognized that Rule 5009(a) is a ministerial rule governing when the Clerk of the Bankruptcy Court may close a bankruptcy case" and "does not grant or take away any substantive right." *Giron v. Zeytuna, Inc.*, 597 F. Supp. 3d 29, 51 n.12 (D.D.C. 2022). Instead, Rule 5009 "sets up a 'default rule'" which obviates the need for "the United States trustee [to] take the additional affirmative act of sending in periodic reports advising the Clerk to close a scheduled list of numbered chapter 7 cases" and "eliminates one round of paper." *In re Schoenewerk*, 304 B.R. 59, 63 (Bankr. E.D.N.Y. 2003).

"A typical objection to a trustee's final report takes issue with the assets listed therein, or the distribution of those assets." *In re Ordonez*, No. 10-37596, 2018 WL 1146356, at *2 (Bankr. D. Utah Feb. 28, 2018). "For example, has the Chapter 7 Trustee overlooked an asset needing administration? Has the Trustee failed to disburse all of the estate funds? Has he or she left a motion or an adversary proceeding pending even though such motion or adversary proceeding would impact the distribution to creditors? Etc." *In re the Law Firm of Frank R. Bayger, P.C.*, No. 02-11538, 2014 WL 3534084, at *1 (Bankr. W.D.N.Y. July 16, 2014). "Cause to decline approval of a trustee's final report may be found to exist where the report proposes to distribute

estate assets outside of the Bankruptcy Code's priority scheme" as set out in 11 U.S.C. § 726 and elsewhere. *In re Sarnovsky*, 436 B.R. 461, 463 (Bankr. N.D. Ohio 2010).[3]

The thrust of Taleb's objection was that the final report should not be approved because (1) the bankruptcy proceeding was filed in bad faith and should never have been filed in the first place, (2) the trustee's counsel's fees were unreasonable and unnecessary for that reason and because Kramer was not eligible for a discharge, meaning that creditors could reach his assets outside of the bankruptcy proceedings, and (3) Miller Canfield had been unjustly enriched by its receipt of distributions owed to Taleb.

First, as Miller Canfield and the trustee point out, there exists a different vehicle through which a party in interest may assert that a case should be dismissed because of a debtor's bad faith—a motion to dismiss the proceeding under 11 U.S.C. § 707(b)(1). After notice and hearing, the court may dismiss a case on its own or on motion and it may do so in light of a debtor's bad faith. *Id.* § 707(a), (b)(3)(A); *see Indus. Ins. Servs., Inc. v. Zick* (*In re Zick*), 931 F.2d 1124, 1127 (6th Cir. 1991). Taleb never filed such a motion to dismiss. He cannot now raise his bad-faith arguments in an objection to the final report; in addition to being procedurally inappropriate, those arguments concern whether the estate should exist at all, not whether it has been fully administered. The bankruptcy court did not err by approving the final report over Taleb's arguments regarding bad faith.

---

[3]Indeed, some courts have held that "[g]iven the purpose behind Rule 5009, the bankruptcy court's scope of inquiry upon an objection to the trustee's final report or account is limited 'to the question of whether the chapter 7 estate has been fully administered.'" *Cieciorka v. Parker* (*In re Leonis*), No. 16-1254, 2017 WL 2492528, at *5 (B.A.P. 9th Cir. June 8, 2017) (quoting *In re the Law Firm of Frank R. Bayger, P.C.*, 2014 WL 3534084, at *1); *accord In re Ordonez*, 2018 WL 1146356, at *3. We do not decide whether the bankruptcy court's review (or our review) is so limited because Taleb's objection fails regardless.

Taleb next attacks the fees paid to the trustee's counsel. Arguably, if a final report purported to distribute fees to a trustee or their counsel in a manner improper under 11 U.S.C. § 503 (governing administrative expenses), a party in interest could validly object that the report "propose[d] to distribute estate assets outside of the Bankruptcy Code's priority scheme." *See In re Sarnovsky*, 436 B.R. at 463. We need not decide the merit of such an argument. Taleb challenged only those fees earned by the trustee's counsel. Those fees were the subject of a previous fee application and a corresponding objection by Taleb, which the bankruptcy court overruled and which Taleb failed to appeal validly. *In re Kramer*, 71 F.4th at 437. Thus, even if an objection to the trustee's fees could be considered an allegation that the estate was not fully administered, Taleb has failed properly to lodge such an objection. And we cannot say that the bankruptcy court erred when it found untimely Taleb's objection to fees paid to the trustee's counsel.

Lastly, Taleb argues that Miller Canfield was unjustly enriched when, pursuant to the state-court order, the firm received distributions designated for Taleb as satisfaction of Taleb's unpaid legal fees. Even if unjust-enrichment claims were cognizable challenges to the trustee's disposition of the estate (which we do not decide), Taleb's objection has little to do with the trustee's administration of the estate and more to do with the Michigan state court's grant of an attorney's lien to Miller Canfield.[4] As required by the state court's order, the trustee disbursed funds to Taleb *care of* Miller Canfield. Absent the state-court order, Taleb would have received

---

[4]Taleb argues that Miller Canfield previously accepted a fee reduction. We agree with Miller Canfield and the trustee that Miller Canfield stipulated to reduced payment for an administrative expense that the estate owed to Miller Canfield, not to a reduction in fees that Taleb owed to Miller Canfield for its work on Taleb's behalf. Taleb simultaneously argues that Miller Canfield's services were of no benefit to the estate, seemingly arguing that Miller Canfield should not have been paid for administrative expenses. That claim is untimely because Miller Canfield's administrative expense was approved on January 2, 2017 and Taleb failed to appeal.

those funds. Taleb thus objects, not to the trustee's disposition of the estate, but to the state court's order granting Miller Canfield an interest in Taleb's portion of the estate. Taleb should have litigated and did litigate his allegations about Miller Canfield's entitlement to those fees in the state-court fee action. We will not review such collateral attacks on the state court's judgment when considering Taleb's federal bankruptcy appeal. *See Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013).

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the bankruptcy court's order.