*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0114p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

JOHN E. CARTER,

  *Plaintiff-Appellant*,

  *v.*

LEON C. BURNS, JR., Criminal Court Judge, 13th
Judicial District of Tennessee, et al.

  *Defendants-Appellees*.

No. 07-5942

>

---

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 07-00597—Aleta Arthur Trauger, District Judge.

Submitted: February 15, 2008

Decided and Filed: March 18, 2008

Before: MARTIN and NORRIS, Circuit Judges; STAMP, District Judge.[*]

---

**COUNSEL**

**ON BRIEF:** John E. Carter, Mountain City, Tennessee, pro se.

---

**OPINION**

---

BOYCE F. MARTIN, Circuit Judge. John E. Carter, a Tennessee prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Carter brought this § 1983 action against fourteen judges and justices of the Tennessee Criminal Court, Tennessee Court of Criminal Appeals, and Tennessee Supreme Court in their official capacities. Carter sought a declaratory order that the State of Tennessee is constitutionally mandated to provide him with an adequate corrective process to bring a constitutional challenge to his convictions following the clarification of the "premeditation" and "deliberation" elements of first-degree murder in *State v. Brown*, 836 S.W.2d 530, 537-43 (Tenn. 1992). Since the *Brown*

---

[*] The Honorable Frederick P. Stamp, Jr., United States District Judge for the Northern District of West Virginia, sitting by designation.

1

clarification, Carter has filed numerous habeas corpus and other post-conviction challenges to his convictions in state court, in which his *Brown*-based constitutional claims have been rejected as not cognizable in the type of proceeding in which he brought them or as barred by the statute of limitations. According to Carter, the Tennessee statutes governing collateral review, Tenn. Code Ann. §§ 29-21-107, 40-26-105, 40-30-107, and 40-30-117, "facially and/or as enforced and applied," are unconstitutional under the Eighth and Fourteenth Amendments because these statutes deprive him of all opportunity for judicial review and redress of his *Brown*-based constitutional claims.

Upon initial screening, the district court concluded that it lacked jurisdiction to review the state-court determinations under the *Rooker-Feldman* doctrine and dismissed Carter's complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b). Pursuant to Federal Rules of Civil Procedure 52(b) and 59, Carter filed a motion for reconsideration, which was denied by the district court. This timely appeal followed.

Given that it is a matter of law, we review de novo the district court's dismissal based on *Rooker-Feldman* grounds. *McCormick v. Braverman*, 451 F.3d 382, 389 (6th Cir. 2006), *cert. denied*, 128 S. Ct. 41 (2007). Under *Rooker-Feldman*, we lack jurisdiction to review state-court judgments except in certain cases not appropriate here. *D.C. Ct. Of App. v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine denies federal jurisdiction to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This circuit has interpreted that limitation to mean that the *Rooker-Feldman* doctrine applies only when a plaintiff complains of injury from the state-court judgment itself. *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006), and thus we deny jurisdiction.

The *Rooker-Feldman* doctrine "does not prohibit federal district courts from exercising jurisdiction where the plaintiff's claim is merely a general challenge to the constitutionality of the state law applied in the state action, rather than a challenge to the law's application in a particular state case." *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (internal quotation marks omitted). Carter alleged that the Tennessee statutes governing collateral review, "*facially* and/or as enforced and applied," are unconstitutional. Specifically, Carter alleged that Tenn. Code Ann. § 29-21-107, the statute governing petitions for a writ of habeas corpus, and Tenn. Code Ann. § 40-30-117, the statute governing motions to reopen a post-conviction petition, violate the Eighth and Fourteenth Amendments in that a constitutional claim of factual innocence based on the clarification of substantive law is not cognizable under those statutes. Carter likewise alleged that Tenn. Code Ann. § 40-26-105, the statute governing petitions for a writ of error coram nobis, violates the Eighth and Fourteenth Amendments in that a constitutional claim of factual innocence based on the clarification of substantive law can be barred by the one-year statute of limitations. The *Rooker-Feldman* doctrine does not apply to Carter's facial challenge to the constitutionality of these Tennessee collateral review statutes, Tenn. Code Ann. §§ 29-21-107, 40-26-105, and 40-30-117. *See Howard v. Whitbeck*, 382 F.3d 633, 640 (6th Cir. 2004). The district court thus erred in summarily dismissing Carter's facial challenge to the Tennessee statutes.

The district court however correctly dismissed Carter's as-applied challenge to the constitutionality of the Tennessee collateral review statutes as barred by the *Rooker-Feldman* doctrine. Carter's alleged injury – that the Tennessee courts deprived him of judicial review and redress for his constitutional claims – is an injury from the prior state-court determinations that his constitutional claims were not cognizable or were otherwise barred. *See Raymond v. Moyer*, 501 F.3d 548, 551-52 (6th Cir. 2007). Accordingly, the district court lacked jurisdiction over Carter's as-applied constitutional challenge under the *Rooker-Feldman* doctrine.

Thus, the district court's opinion is affirmed in part and vacated in part, and this case is remanded for further proceedings.