NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0363n.06

No. 09-3998

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*May 27, 2011*

LEONARD GREEN, Clerk

CHARLES R. EVANS,

    Plaintiff-Appellant,

v.

RICHARD A. CORDRAY; FRANKLIN COUNTY
COURT OF COMMON PLEAS, OHIO,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

---

BEFORE: GILMAN and GRIFFIN, Circuit Judges; COLLIER, District Judge.[*]

GRIFFIN, Circuit Judge.

Plaintiff Charles Evans appeals the district court's dismissal of his claim pursuant to the *Rooker-Feldman* doctrine. We reverse and remand for further proceedings.

I.

Charles Evans was involved in a divorce proceeding in the Franklin County, Ohio Court of Common Pleas, Domestic Relations Division. In a separate state-court action, he filed an abuse-of-process claim against his estranged spouse, and she filed a counterclaim asserting that he was a "vexatious litigator" pursuant to Ohio Revised Code § 2323.52. The latter court rejected Evans's abuse-of-process claim; held that Evans was a vexatious litigator; and entered an order pursuant to

---

[*]The Honorable Curtis L. Collier, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

§ 2323.52, prohibiting Evans from instituting or continuing actions in the Ohio state courts without first obtaining leave. Subsequently, the domestic-relations court denied two of Evans's motions to continue in his divorce case because Evans failed to seek leave in accordance with the § 2323.52 order.

Evans then filed this suit in the United States District Court for the Southern District of Ohio against Ohio Attorney General Richard Cordray and the Franklin County Court of Common Pleas, claiming that § 2323.52 is unconstitutional as applied to him and other litigants in Ohio domestic-relations cases because it allegedly deprives them of the fundamental right of access to the courts in violation of the Fifth and Fourteenth Amendments to the United States Constitution. The district court granted the Ohio Attorney General's motion to dismiss, and also denied Evans's motion for reconsideration, concluding that the court lacked subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

Evans timely appeals.

## II.

We review de novo a district court's determination that it lacked subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *Carter v. Burns*, 524 F.3d 796, 798 (6th Cir. 2008).

## III.

In general, *Rooker-Feldman* precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments," *Marks v. Tennessee*, 554 F.3d 619, 622 (6th Cir. 2009) (internal quotation marks and citation omitted), "[b]ecause [28 U.S.C.] § 1257, as long interpreted,

vests authority to review a state court's judgment solely in [the Supreme] Court," *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). But the doctrine does not bar "a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 293. It applies only to the "narrow ground" of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284.

We thus determine whether *Rooker-Feldman* bars a claim by looking to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). If the source of the plaintiff's injury is the state-court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim. *Id.* "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see also Lawrence v. Welch*, 531 F.3d 364, 368-69 (6th Cir. 2008), *cert. denied* 130 S. Ct. 233 (2009); *Hamilton v. Herr*, 540 F.3d 367, 372 (6th Cir. 2008) (stating that "what the *Rooker-Feldman* doctrine primarily bars are claims that seek relief from injury 'caused by' the state court judgment") (internal quotation marks and citation omitted). The doctrine also "does not prohibit federal district courts from exercising jurisdiction where the plaintiff's claim is merely a general challenge to the constitutionality of the state law applied in the state action, rather than a challenge to the law's application in a particular state case." *Carter*, 524 F.3d at 798 (internal quotation marks and citation omitted).

In the present case, the district court concluded that Evans's suit was barred by the *Rooker-Feldman* doctrine. The starting point of that court's analysis was Evans's allegations "that 'Ohio Revised Code Section 2323.52 is unconstitutional as applied to [him] and potential litigants involved in cases of divorce'"; that "the domestic court[,] being aware of the Plaintiffs [sic] vexatious litigator designation, denied the Plaintiff [leave] to proceed [at a hearing on May 27, 2009]"; and that "on June 18, 2009, leave was denied for Plaintiff to proceed with his divorce case." *Evans v. Cordray*, No. 2:09-cv-0587, 2009 WL 2628280, at *2 (S.D. Ohio Aug. 25, 2009) (unpublished) (citing Compl., ¶¶ 1, 12). Based on these allegations, the district court found that "[t]he subject of Plaintiff's complaint is not the constitutionality of the Ohio statute, but rather is the state court's decision to deny him leave to proceed under that statute: a decision that implicates the merits of Plaintiff's application for leave." *Id.* Because the court believed that it "[could not] review Plaintiff's constitutional claims without reviewing the state court's substantive findings," it held that Evans's claim was just the sort of federal appeal of a state-court judgment that the *Rooker-Feldman* doctrine prohibits. *Id.* at *3.

Evans argues that the district court's decision is erroneous for two reasons. First, he contends he made two claims, a specific challenge ("pursuant to 42 U.S.C. § 1983, this Appellant made a claim that he was denied his federal rights by the Defendants under color of state law"), and a general one ("pursuant to 28 U.S.C. § 1331, the Plaintiff brought a general challenge to state law as applied to a class of litigants designated under R.C. § 2323.52 in proceedings of divorce and domestic relations"), which the district court "improperly lump[ed] . . . together." Second, Evans

argues that even if his complaint presented only an as-applied challenge, the *Rooker-Feldman* doctrine does not apply because his complaint did not attack the judgment itself, only "the constitutionality of the statutory procedure of being required to ask for leave." Defendants, in turn, contend that we "previously rejected" Evans's general-challenge argument in *Carter*, 524 F.3d at 796. And they argue that the domestic court's judgment is implicated in this suit because "Mr. Evans can only prevail if the District Court finds that the domestic court erred when it denied him leave to proceed with his domestic litigation, precisely what *Rooker-Feldman* prohibits."

We substantially agree with Evans. The problem with the district court's analysis is that it determined the source of Evans's injury without reference to his request for relief. *See Hamilton*, 540 F.3d at 372. Our decision in *Hood v. Keller*, 341 F.3d 593 (6th Cir. 2003), provides a useful example. There, a plaintiff was convicted of criminal trespass in state court and subsequently brought suit in federal district court against state officials, challenging the constitutionality of Ohio Administrative Code § 128-4, which required all persons who wished to use the Ohio Statehouse grounds to first obtain a permit to do so. *Id.* at 596. The district court held that the claim was barred by the *Rooker-Feldman* doctrine. On appeal, we reversed. Noting that the plaintiff's complaint contained "'no demand to set aside the verdict or the state court ruling'" and instead "[sought] injunctive and declaratory relief prohibiting defendants-appellees from using 'preaching and/or handing out religious tracts' as a basis for 'enforcing or attempting to enforce' Ohio Administrative Code § 128-4," this court concluded that "the *Rooker-Feldman* doctrine [was] inapplicable to th[e] lawsuit." *Id.* at 598.

The Seventh Circuit's decision in *Buckley v. Illinois Judicial Inquiry Board*, 997 F.2d 224 (7th Cir. 1993), which we relied on in *Hood*, is also instructive. In that case, the Illinois Judicial Inquiry Board filed charges against Robert Buckley, an Illinois state-court justice, for violating a state rule regulating the speech of candidates for judicial office. *Id.* at 226. The Illinois Courts Commission ruled that Buckley had violated the rule in his 1990 judicial campaign. *Id.* Buckley, in response, filed suit in federal district court seeking a declaratory judgment that the state rule regulating the speech of judicial candidates was unconstitutional. The Seventh Circuit ultimately reviewed the claim and held that the *Rooker-Feldman* doctrine did not apply. It explained:

> Justice Buckley's challenge to the constitutionality of [the Illinois rule] does not entail a challenge to the ruling by the Illinois Courts Commission that he violated the rule. It is true that if . . . Buckley were seeking not only to clear away the rule so that he could run in future judicial elections unimpeded by it but also to obtain relief against the discipline imposed upon him, he would be in effect appealing from the Illinois Courts Commission's judgment . . . , which *Rooker-Feldman* forbids him to do. But he is not asking us to expunge the disciplinary finding or do anything else to correct or revise the Commission's judgment. He is not, in short, asking for any relief of the kind an appellant seeks – relief directed against a judgment.

*Id.* at 227. *Cf. Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 485-88 (1983) (holding in part that a lawyer who was refused admission to the bar could challenge in federal district court the constitutionality of the rule that had been applied to deny him admission because the suit did not entail a challenge to the state court's prior application of the rule in his case).

The same reasoning applies here. Evans is not seeking relief from the state domestic court's decisions to deny him leave to proceed on May 27, 2009, and June 18, 2009. Instead, Evans requests "prospective and permanent injunctive relief against Richard Cordray, in his official capacity as

Attorney General for the State of Ohio, and the Franklin County Court of Common Pleas, from applying Ohio's vexatious litigator statute against the Plaintiff in his divorce case." He also seeks "permanent injunctive declaratory relief where Ohio Revised Code 2323.52 is unconstitutional as it applies to litigants designated vexatious who presently are, or subsequently become, involved in cases of divorce and domestic relations." Thus, the source of Evans's injury is Ohio's allegedly unconstitutional present and future enforcement of § 2323.52's remedial provisions in divorce proceedings, not the domestic court's prior interlocutory decisions denying him leave to proceed. *Rooker-Feldman* therefore does not apply. *Cf. Fieger v. Ferry*, 471 F.3d 637, 646 (6th Cir. 2006) ("To the extent that Fieger challenges the constitutionality of Michigan's recusal rules by alleging that '[t]he threat . . . is real, immediate, and continuing,' *Rooker-Feldman* does not bar his action" because "the source of [his] alleged injury is not the past state court judgments; it is the purported unconstitutionality of Michigan's recusal rule as applied in future cases.").

Evans's present action is also not a prohibited federal-district-court appeal of the state-court decision determining that he is a "vexatious litigator." Although the § 2323.52 order entered in that case required Evans to seek leave to litigate or continue litigating in the Ohio courts, and is thus in some sense a source of his injury here, Evans is not seeking relief from that *judgment* – he does not contest the state court's determination that he is a vexatious litigator. *See Edwards v. Ill. Bd. of Admissions to Bar*, 261 F.3d 723, 729 (7th Cir. 2001) ("When the litigant is challenging the constitutionality of a rule that was applied to him, but is not asking to correct or revise the determination that he violated the rule, Rooker-Feldman is no obstacle to the maintenance of [the]

suit.") (internal quotation marks and citation omitted); *cf. Hood*, 341 F.3d at 598; *Buckley*, 997 F.2d at 227. Moreover, Evans's current claim that the statute is unconstitutional as applied in divorce proceedings was not an issue in the vexatious-litigator case and therefore presented no basis for an appeal. *See generally Exxon Mobil*, 544 U.S. at 293 (explaining that "[i]f a federal plaintiff present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction.") (internal quotation marks and citations omitted).

Because the source of Evans's injury is neither the Ohio domestic court's decision to deny his motions to continue, nor the state court's determination that he is a vexatious litigator, but rather the alleged unconstitutionality of § 2323.52 as applied in divorce proceedings, we hold that the district court was not deprived of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

## IV.

For these reasons, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.