ZOUHARY, District Judge,
concurring.
I concur with the majority opinion, but write separately to note that, while masked as implicating considerable First Amendment principles regarding attorney conduct, this case is really about a letter that has been in the public domain for nearly five years and that Berry allegedly wishes to re-circulate. Simply put, this case is more about stubborn Berry having the last word in his dispute with the KBA than about the First Amendment. Indeed, even after the KBA reassured him that he would not be disciplined for future dissemination of the letter — which admittedly has no effect on the justiciability of his claim— Berry filed suit in federal court, claiming he still wants to publicly criticize the KBA’s inquiry into Senate President Williams’ fundraising irregularities. At oral argument, Berry’s counsel emphasized that Berry “wants to continue to speak in identical or substantially the same language, criticizing the Legislative Ethics Committee’s handling of the preliminary inquiry.” Really? This matter is old news and will not likely be pursued by Berry, or by anyone else. After all, Berry’s letter is hardly newsworthy.
The majority correctly recognizes that in a Rooker-Feldman analysis, courts must determine the “source” of a claimant’s injury by looking at his or her request for relief. See e.g., Hood v. Keller, 341 F.3d 593, 597 (6th Cir.2003); Evans v. Cordray, 424 Fed.Appx. 537, 538 (6th Cir.2011). Rooker-Feldman bars only those actions which attack the relevant state court judgment itself — not those seeking prospective relief. And because Berry, like the plaintiffs in Hood and Evans, seeks only prospective relief, Rooker-Feldman does not apply and Berry may pursue his case. There is, however, one notable difference between this case and Hood/Evans.
In both Hood and Evans, the plaintiffs needed relief in order to have their rights vindicated. See Evans, 424 Fed.Appx. at 540-41 (requiring federal court intervention to continue proceedings in his divorce case); Hood, 341 F.3d at 598 (requiring federal relief to preach and hand out religious tracts on Ohio’s Statehouse grounds without future impediments by permit requirements). In this case, Berry needs no such relief. As mentioned above, the KBA confirmed that Berry would not, and could not, be punished for further disseminating the letter. His rights have already been vindicated and Berry may freely continue his campaign against the KBA’s handling of the Williams matter. Therefore, the only practical effect of Berry’s requested relief is a federal court opinion implying, that the state court judgment — KBA’s warning letter — was incorrect. This, of course, is precisely what Rooker-Feldman seeks to prevent. See Pieper v. Am. Arbitration Ass’n, 336 F.3d 458, 460 (6th Cir.2003); see also Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25, 107 S.Ct. 1519, 95 *306 L.Ed.2d 1 (1987) (Marshall, J., concurring) (“Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.”).
While the law might be on Berry’s side, his long-running feud with the KBA is exaggerated.