NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0021n.06

No. 12-1449

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 07, 2013
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| E. FRANK CORNELIUS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| MICHIGAN ATTORNEY GRIEVANCE | ) | THE EASTERN DISTRICT OF |
| COMMISSION; MICHIGAN ATTORNEY | ) | MICHIGAN |
| DISCIPLINE BOARD; KENT J. VANA, | ) | |
| Chairman; ROBERT L. AGACINSKI; | ) | |
| WILLIAM J. DANHOF, Chairman; JOHN F. | ) | |
| VAN BOLT, Executive Director; STATE BAR | ) | |
| OF MICHIGAN; BRUCE A. COURTADE, | ) | |
| President; JANET K. WELCH, Executive | ) | |
| Director, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM. E. Frank Cornelius, a pro se Michigan resident, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983 and other federal statutes regarding the 1992 revocation of his law license.

In 2011, Cornelius sued the Michigan Attorney Grievance Commission; Commission Chairman Kent J. Vana and Grievance Administrator Robert L. Agacinski; the Michigan Attorney Discipline Board; Board Chairman William J. Danhof and Executive Director John F. Van Bolt; the

State Bar of Michigan; Bar President Bruce A. Countade[1] and Executive Director Janet K. Welch. The complaint alleged that the defendants violated Cornelius's civil and constitutional rights during a 1992 disciplinary proceeding that resulted in the revocation of his law license. The complaint sought nullification of the revocation order, restoration of Cornelius's law license, and a declaration that Michigan's attorney disciplinary rules are unconstitutional. The district court granted the defendants' motions to dismiss. The district court reasoned that the claims against the Michigan Attorney Discipline Board were barred by the Eleventh Amendment. The district court found that it lacked jurisdiction to review the claims against the remaining defendants due to the doctrine developed in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

The district court's judgment is reviewed de novo. *Carter v. Burns*, 524 F.3d 796, 798 (6th Cir. 2008). Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over "'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Challenges to a state court's revocation order are generally precluded by the *Rooker-Feldman* doctrine. *In re Squire*, 617 F.3d 461, 465 (6th Cir. 2010). Most of Cornelius's claims regarding his disbarment are precluded by *Rooker-Feldman*. *See In re Cook*, 551 F.3d 542, 547–49 (6th Cir. 2009). We reject Cornelius's argument that he raised a facial or general constitutional challenge to Michigan's disciplinary rules. Cornelius's primary concern is the application of the disciplinary rules to his case. We therefore conclude that he raised an as-applied challenge, which is precluded by *Rooker-Feldman*. *See Patmon v. Mich. Supreme Court*, 224 F.3d 504, 510 (6th Cir. 2000).

---

[1] **W. Anthony Jenkins, President of the Michigan Bar, was terminated as a party on October 31, 2012. Bruce A. Courtade, the current President of the Michigan Bar, has been substituted as a defendant.**

Although Cornelius's claim that a grievance officer and two witnesses lied and committed fraud in the disciplinary proceeding is not barred by the *Rooker-Feldman* doctrine, *see McCormick v. Braverman*, 451 F.3d 382, 392 (6th Cir. 2006), the complaint is untimely.

Though not addressed by the district court, the Attorney Discipline Board raised the issue of timeliness. A three-year statute of limitations applies to section 1983 actions arising in Michigan. *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). The Board issued the revocation order on December 7, 1992. Cornelius did not appeal the decision to the Michigan Supreme Court despite having the right to do so. *See* Mich. Ct. R. 9.122(A)(1). Therefore, the three-year statute of limitations expired in 1996, and Cornelius's federal complaint, filed in 2011, was more than fifteen years late.

Cornelius argues that his complaint was not untimely because he remains suspended from the practice of law and therefore alleges a continuing wrong. "A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Broom v. Strickland*, 579 F.3d 553, 555 (6th Cir. 2009) (internal quotation marks and citations omitted). The State of Michigan has not taken any action against Cornelius since December 1992. He is not entitled to tolling of the statute of limitations simply because he continues to experience the ill effects of the 1992 revocation order. *See id*. The claims are time-barred.

The district court's judgment is affirmed.