NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0532n.06

No. 12-3708

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SHARON HALL; JAMES CODY, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | **FILED** |
| | ) | *May 31, 2013* |
| v. | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| HONORABLE LYNNE S. CALLAHAN, in her | ) | |
| official capacity; HONORABLE PATRICIA A. | ) | |
| COSGROVE, in her official capacity; | ) | |
| HONORABLE PAUL J. GALLAGHER, in his | ) | |
| official capacity; HONORABLE JUDY | ) | |
| HUNTER, in her official capacity; | ) | |
| HONORABLE ALISON MCCARTY, in her | ) | |
| official capacity; HONORABLE TAMMY | ) | ON APPEAL FROM THE |
| O'BRIEN, in her official capacity; | ) | UNITED STATES DISTRICT |
| HONORABLE TOM PARKER, in his | ) | COURT FOR THE NORTHERN |
| official capacity; HONORABLE MARY | ) | DISTRICT OF OHIO |
| MARGARET ROWLANDS, in her official | ) | |
| capacity; HONORABLE ELINORE MARSH | ) | |
| STORMER, in her official capacity; | ) | |
| HONORABLE THOMAS A. TEODOSIO, in | ) | |
| his official capacity; HONORABLE EVE | ) | |
| BELFANCE, in her official capacity; | ) | |
| HONORABLE DONNA CARR, in her | ) | |
| official capacity; HONORABLE CLAIR E. | ) | |
| DICKINSON, in his official capacity; | ) | |
| HONORABLE CARLA MOORE, in her | ) | |
| official capacity; HONORABLE BETH | ) | |
| WHITMORE, in her official capacity; | ) | |
| HONORABLE JUDITH CROSS, in her | ) | |
| official capacity; SUMMIT COUNTY COURT | ) | |
| OF COMMON PLEAS; NINTH DISTRICT | ) | |
| COURT OF APPEALS, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

**BEFORE: MARTIN, SUHRHEINRICH and GIBBONS, Circuit Judges.**

**SUHRHEINRICH, Circuit Judge.**

Plaintiffs-Appellants Sharon Hall and James Cody appeal the district court's dismissal of their § 1983 action which challenged, on several constitutional grounds, a state court judgment declaring them to be vexatious litigators under Ohio Rev. Code § 2323.52. The district court dismissed Plaintiffs' due process, equal protection, and as-applied constitutional challenges under the *Rooker-Feldman* doctrine and held that the vexatious litigator state statute was facially constitutional. For the following reasons, we AFFIRM the decision of the district court.

## I. Background

### A. State Trial Court

Sharon Hall and James Cody (collectively, "Plaintiffs")[1] filed a number of *pro se* complaints against their neighbor, Michael Harig, and several other individuals. Harig subsequently brought an action against Plaintiffs in the Summit County Court of Common Pleas, seeking to designate Plaintiffs as vexatious litigators under Ohio Revised Code § 2323.52 (the "Statute").

The case was assigned to visiting Judge Judith Cross ("Judge Cross"). Although Judge Cross never issued a pre-trial order, met with the litigants, or set a briefing schedule, she designated Plaintiffs as vexatious litigators in a *sua sponte* summary judgment order and dismissed any remaining claims in the other civil cases brought by Plaintiffs.

---

[1]The docket sheet reflects that Plaintiff-Appellant Cody died on July 12, 2012, after this appeal was filed. Therefore, this opinion is moot with respect to Cody.

**B.    State Court of Appeals**

Plaintiffs retained counsel and attempted to appeal the decision to the Ninth District Court of Appeals. However, Plaintiffs failed to seek leave to appeal, as required by the Statute. Under the Statute, no appellate proceedings may be instituted by vexatious litigators without leave of the appellate court. Ohio Rev. Code § 2323.52(D)(3) & (I). As a result, Plaintiffs' appeal was dismissed. Subsequently, Plaintiffs filed a motion for leave to continue their appeal. They also requested that the Ninth District reconsider their dismissal. The Ninth District denied both motions and dismissed their appeal as untimely. Plaintiffs then filed an appeal with the Ohio Supreme Court, which declined jurisdiction and dismissed the appeal.

**C.    Federal District Court**

Plaintiffs proceeded to file a § 1983 claim in the United States District Court for the Northern District of Ohio (the "District Court"). The complaint originally named as defendants Judge Cross, the Summit County Court of Common Pleas and its judges, the Ninth District Court of Appeals and its judges, and the State of Ohio. The State of Ohio was later voluntarily dismissed. Plaintiffs advanced three claims: (1) that Judge Cross's *sua sponte* dismissal violated their due process and equal protection rights; (2) that the Statute was unconstitutional as-applied; and (3) that the Statute was facially unconstitutional.

Defendants moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). On November 17, 2011, the District Court held a hearing on the dispositive motions. Plaintiffs were permitted to file a supplemental brief, and Defendants were permitted to respond.

After the supplemental briefing was completed on December 9, 2011, the District Court issued a decision on May 10, 2012, granting Defendants' motion. The District Court found that the *Rooker-Feldman* doctrine barred it from considering Plaintiffs' challenge to Judge Cross's judgment, as well as Plaintiffs' as-applied constitutional challenge, because "it is clear to the court that the plaintiffs want this court to review and reject Judge Cross's decision." The District Court also ruled that the Statute was constitutional, agreeing with the reasoning set forth in *Grundstein v. Ohio*, a federal district court case finding the Statute constitutional. No. 1:06 CV 2381, 2006 WL 3499990 (N.D. Ohio Dec. 5, 2006). Plaintiffs perfected an appeal to this court in a timely manner on June 8, 2012.

## II. Jurisdiction

This court has jurisdiction to review the decision of the District Court under 28 U.S.C. § 1291, because this is an appeal from a final judgment as to all parties and all claims.

## III. Standard of Review

This court reviews both motions to dismiss for failure to state a claim and motions for judgment on the pleadings under a *de novo* standard. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). In reviewing either motion, this court must "construe that complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler*, 249 F.3d at 511-12. The District Court's application of the *Rooker-Feldman* doctrine is reviewed *de novo. Evans v. Cordray,* 424 F. App'x 537, 538 (6th Cir. 2011).

4

## IV. Analysis

Plaintiffs assert that the District Court erred in dismissing their claims that: (1) Judge Cross's *sua sponte* summary judgment ruling violated Plaintiffs' due process and equal protection rights; (2) the Statute is unconstitutional as applied to Plaintiffs' case; and (3) the Statute is unconstitutional on its face.

### A.   Due Process and Equal Protection Challenges

Plaintiffs allege that the District Court erred by refusing to entertain their claim that during the state court proceedings, Judge Cross violated their due process and equal protection rights by *sua sponte* granting summary judgment against them without meeting with the litigants or setting a briefing schedule. In the District Court, Plaintiffs sought declaratory relief to void Judge Cross's judgment and also injunctive relief to prevent Defendants from enforcing Judge Cross's judgment. The District Court ruled that the claim was barred by the *Rooker-Feldman* doctrine.

Federal district courts do not stand as appellate courts for decisions of state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine "prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Luber v. Sprague*, 90 F. App'x 908, 910 (6th Cir. 2004). Federal courts' "authority to review a state court's judgment" is vested "solely in [the Supreme] Court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). On the other hand, the *Rooker-Feldman* doctrine does not bar "a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil,* 544 U.S. at 293; *see also Evans*, 424 F. App'x at 537.

Plaintiffs set forth several arguments as to why their claims should not have been barred by the *Rooker-Feldman* doctrine. First, Plaintiffs argue that they are "not seeking the vacation of the state court judgment," but that they are "seeking a declaration that [their] rights were violated and an injunction as to the enforcement of the judgment." But Plaintiffs' complaint twice requested that the District Court declare Judge Cross's decision void because she allegedly violated their due process and equal protection rights by *sua sponte* ruling against them in summary judgment without meeting with the litigants or setting a briefing schedule. As the District Court noted, it would have been impossible to void the state court judgment without "disturbing" it. Furthermore, if this court construes *Rooker-Feldman* to allow attacks on a state court's procedural error, then federal courts could extensively review state court trial proceedings, a task belonging to state appellate courts. Therefore, we reject Plaintiffs' argument that they were not directly attacking the state court judgment.

Next, Plaintiffs cite *McCormick v. Braverman* for the contention that if "there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim" that is not barred by *Rooker-Feldman*. *McCormick v. Braverman,* 451 F.3d 382, 393 (6th Cir. 2006). In *McCormick,* the plaintiff lost the state proceeding because a third party perpetuated fraud and misrepresentation, which caused an adverse judgment against the plaintiff. *Id.* at 392-93. Here, Plaintiffs claim that Judge Cross was a third party who injured them with her actions during the state court proceeding. However, Judge Cross was not a third party, but the presiding judge. This directly implicates *Rooker-Feldman* concerns. Indeed, the *McCormick* court explicitly noted that errors made by state court judges are barred from consideration. *Id.* at 394.

6

Moreover, even if Judge Cross had conducted her proceedings erroneously, Plaintiffs could have directly appealed to the state appellate court. However, the appeal was not heard because Plaintiffs made an error in filing for the appeal. Furthermore, Plaintiffs failed to appeal to the United States Supreme Court under 28 U.S.C. § 1257. The District Court was correct to rule that Plaintiffs' challenge to the state court proceeding was barred by *Rooker-Feldman*.

**B.      As-Applied Constitutional Challenge**

Plaintiffs contend that the District Court erred in ruling that the *Rooker-Feldman* doctrine barred their as-applied constitutional challenge. In the District Court, Plaintiffs alleged that the Statute was unconstitutional "as applied and on its face" because "[a]t all times following their designation as vexatious litigators, . . . [they] were represented by counsel, including the time at which they filed their notice of appeal." They argued that the Statute was overbroad because it fails to distinguish between pro se litigants and litigants represented by counsel, the latter of whom are subject to Ohio Civil Rule 11, which prohibits counsel from filing vexatious lawsuits, and sought a declaration that the Statute is unconstitutional as applied and on its face.

To the extent Plaintiffs seek a declaration that the Statute is unconstitutional as applied in the prior state court proceeding and relieving them from that judgment, the District Court correctly ruled that *Rooker-Feldman* bars their as-applied challenge to the Statute. *See, e.g., Carter v. Burns*, 524 F.3d 796, 798 (6th Cir. 2008) (holding that the *Rooker-Feldman* doctrine barred a prisoner's as-applied constitutional challenge to a Tennessee collateral review statute because the prisoner's alleged injury was "an injury from the prior state-court determinations"); *Howard v. Whitbeck*, 382 F.3d 633, 641 (6th Cir. 2004) (holding that the *Rooker-Feldman* doctrine barred a prisoner's as-

7

applied challenge to a Michigan statute requiring filing fee payments because it would undermine an existing state court judgment).

To the extent Plaintiffs' as-applied claim seeks a declaration that the Statute is unconstitutional when litigants are represented by counsel in future cases, the claim is not ripe because Plaintiffs have not alleged that they have filed or presently intend to file any new lawsuits. *See Lawrence v. Welch*, 531 F.3d 364, 373-74 (6th Cir. 2008) (Sutton, J., concurring) (holding that, to the extent the attorney plaintiff asked the court to enjoin the rejection of future bar applications, his claim was not ripe because the court could not know if the plaintiff would file a subsequent bar application, or whether a subsequent application would be rejected by the Michigan Board of Law Examiners).[2] *Cf. Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012) (holding that, to the extent that the attorney plaintiff challenged a warning letter he received from the state bar for criticizing a legislative ethics commission, his claim was ripe because he had "shown an imminent threat of prosecution" by alleging "an intention to engage in speech prohibited by [the warning letter]"); *Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006) (holding that, to the extent that the plaintiff asked the court to enjoin the continued enforcement of the Michigan recusal rule allowing for the defendant judges to hear his cases on the Michigan Supreme Court, his claim was ripe because the court could reasonably conclude that there was "a significant, rather than remote, possibility" that the plaintiff would reappear in front of the Michigan Supreme Court); *Hood v. Keller*, 341 F.3d 593, 597-98 (6th Cir. 2003) (holding that, to the extent the plaintiff asked the court to enjoin the state from enforcing a statute requiring that he obtain a permit to speak on public grounds, his claim was ripe because he

---

[2]Judge Sutton's concurrence was joined by Judge Rogers, giving that opinion controlling weight with regard to ripeness. *See Berry v. Schmitt*, 688 F.3d 290, 301 n. 3 (6th Cir. 2012).

alleged a "continued threat of enforcement" of the statute, which would "chill and deter" his present

and future speech). Therefore, we do not reach the merits of Plaintiffs' as-applied constitutional

challenge.[3]

This leaves Plaintiffs' facial challenge.

## C.     Facial Constitutional Challenge

Plaintiffs appeal the District Court's dismissal of their general challenge to the

constitutionality of the Statute. In their complaint, Plaintiffs sought a declaration that the Statute is

---

[3]Although we do not reach the *Rooker-Feldman* issue because the claim is not ripe, we note that the *Rooker-Feldman* doctrine does not bar as-applied constitutional challenges seeking prospective relief as long as "the source of [the plaintiff]'s alleged injury is not the past state court judgments" but "the purported unconstitutionality of [the statute] as applied in future cases." *Fieger*, 471 F.3d at 646. *See also Berry,* 688 F.3d at 300 (holding that the plaintiff's action was not barred by *Rooker-Feldman* because he "[did] not request relief" from the state decision itself but "[sought] relief that would allow him to engage in future protected speech"); *Hood*, 341 F.3d at 598 (holding that the plaintiff's action was not barred by *Rooker-Feldman* because the plaintiff had "not challenged his state court criminal trespass conviction," but sought prospective injunctive and declaratory relief). *Cf. Welch,* 531 F.3d at 370-71 (holding that the plaintiff's action was barred by *Rooker-Feldman* because "while the redress [the plainff] seeks . . . is forward-looking, the claim is nonetheless premised on the same past injury") (non-majority opinion); *Loriz v. Connaughton,* 233 F. App'x 469, 475 (6th Cir. 2007) (holding that the plaintiff's action was barred by *Rooker-Feldman* because "[i]n order for the district court to grant the requested declaratory or injunctive relief," the district court "would be forced to review the decisions" of state courts). In fact, on one occasion, this court held that an as-applied constitutional challenge to the very same statute at issue was not barred by *Rooker-Feldman. Evans*, 424 F. App'x at 540-41. The plaintiff in *Evans*, who had been designated a vexatious litigator by a past state court judgment, was in the middle of an ongoing divorce proceeding. *Id.* at 537-38. After two of his motions in the divorce proceeding were denied because he had failed to file leave as required by the vexatious litigator statute, he challenged the constitutionality of the vexatious litigator statute as applied to divorce proceedings in the future. *Id.* We held that because the source of the plaintiff's injury was "Ohio's allegedly unconstitutional present and future enforcement [of the vexatious litigator statute] in divorce proceedings," and not the prior state court decision designating the plaintiff as a vexatious litigator, his claim was not barred by *Rooker-Feldman. Id.* at 540-41. However, the present case is arguably different from *Evans* because the *Evans* plaintiff's alleged injury was the alleged unconstitutionality of the statute "as applied in divorce proceedings," which was "not an issue in the vexatious-litigator case and therefore presented no basis for an appeal." *Id.* at 541. In contrast, Plaintiffs' alleged injuries were all issues from Judge Cross's case, which could have been appealed.

facially unconstitutional for violating the First, Fifth, and Fourteenth Amendments. The District Court held that *Rooker-Feldman* did not bar a "general challenge to the constitutionality of the state law applied in the state action." *Tropf v. Fidelity Nat'l Title Ins. Co.,* 289 F.3d 929, 937 (6th Cir. 2002) (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998)). However, the District Court nonetheless dismissed the claim because it found that the Statute was constitutional as a matter of law, adopting the reasoning of *Grundstein v. Ohio.* 2006 WL 3499990 at *3-7. The *Grundstein* plaintiff argued that the Statute was unconstitutional on its face because it violated the First and Fourteenth Amendments. *Id.* at *3. Applying a rational basis test, the *Grundstein* court held that the Statute was constitutional because it did "not arbitrarily and capriciously deprive citizens of a constitutionally protected liberty or property interest." *Id.* at *6. Plaintiffs now challenge the District Court's reliance on *Grundstein.*

Plaintiffs argue that *Grundstein v. Ohio* applied the incorrect standard of review. Plaintiffs claim that strict scrutiny should have been applied because access to the courthouse is a fundamental right. *Swekel v. City of River Rouge*, 119 F.3d 1259, 1261 (6th Cir. 1997). However, Plaintiffs fail to realize that although access to courts is a fundamental right, the ability to file frivolous lawsuits is not. *Bill Johnson's Rests. v. NLRB*, 461 U.S. 731, 743 (1983) ("Just as false statements are not immunized by the First Amendment right to freedom of speech, baseless litigation is not immunized by the First Amendment right to petition.") (citations omitted). As the *Grundstein* court held, the Statute specifically targets baseless litigation. Ohio Rev. Code Ann. § 2323.52 (2002).

Plaintiffs also argue that the Statute is overbroad and that there are less restrictive means to prevent vexatious litigation, namely requiring that all vexatious litigators be represented by counsel, who, in turn, are governed by Ohio Civil Rule 11. However, as the *Grundstein* court reasoned, the

10

Statute is not overbroad because it "is not aimed at constitutionally protected speech" and provides a procedure for meritorious claims to be heard, even when they are filed by vexatious litigators. *Grundstein*, 2006 WL 3499990 at *5.

Next, Plaintiffs claim that the Statute violates the First Amendment right to free speech. However, as the *Grundstein* court reasoned, vexatious conduct is not protected by the First Amendment. *Id.* at *3-4. Furthermore, constitutionally protected speech is not banned by the Statute because it does not prevent vexatious litigators from filing future lawsuits as long as those lawsuits have merit.

In addition, Plaintiffs contend that the Statute violates the Due Process Clause. However, as the *Grundstein* court reasoned, the Statute does not arbitrarily and capriciously deprive citizens of a constitutionally protected liberty or property interest. *Id.* at *6. As the *Grundstein* court held, and as we note above, the Statute is rationally related to legitimate ends, so it is not arbitrary. *See Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 227 (1985). The Statute also restrains narrowly only the conduct it seeks to prohibit, by providing a mechanism by which even vexatious litigants can file meritorious actions.

Finally, Plaintiffs claim that the Statute violates the Equal Protection Clause. This argument clearly has no merit. In making an equal protection challenge, the plaintiff must demonstrate that a discrimination of some substance has occurred which has not occurred against other individuals who were similarly situated. *City of Cleburne, Texas v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Plaintiffs have not identified two groups, nor how the Statute treats them differently.

In sum, the District Court's reliance on *Grundstein* in rejecting Plaintiffs' facial constitutional challenge was not in error.

11

## V.  Conclusion

For the foregoing reasons, we AFFIRM the District Court judgment.